GIVEN (UNITED STATES v.). See Cases Nos. 15,210 and 15,211.

GIVINGS (UNITED STATES v.). See Case No. 15,212.

GJESSING v. The HANSA. See Cases Nos. 6,036–6,038.

GLAB (UNITED STATES v.). See Case No. 15,213.

GLADDING (CATLIN v.). See Case No. 2,520.

GLADDING (CHILDS v.). See Case No. 2,678.

## Case No. 5,468.

### GLADDING v. CONSTANT.

[1 Spr. 73.] [1]

District Court, D. Massachusetts. March, 1844.

PLEADING IN ADMIRALTY — DENIAL OF ALLEGATIONS OF ANSWER—SEAMEN SHIPPED IN FOREIGN PORT — MASTER AND MATE — DUTY — ORDERS OF MASTER—WAGES.

1. Where the libellant intends merely to deny the truth of the allegations in the answer, a supplemental libel in replication is not necessary. But when the allegations of the answer are intended to be avoided by new facts, the matter in avoidance should be put upon the record.

[Cited in The Edwin Baxter, 32 Fed. 296.]

2. It is not necessary that a seaman shipping in a foreign port should sign articles.

3. A mate who had been improperly put off duty by the master, and charged by him, without sufficient reason, with incompetency and acts of impropriety, is not thereby justified in refusing to return to duty, upon the order of the master.

4. There is no inflexible rule requiring the court, in all cases, to withhold wages for a wrongful refusal of duty, but the judge may

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

look into the circumstances, and exercise his discretion.

[Cited in Swain v. Howland, Case No. 13,661.]

In admiralty.

R. H. & E. T. Dana, for libellant.
Lorings & Dehon, for respondent.

SPRAGUE, District Judge. This is a libel for wages by the mate of the bark Montgomery. The answer relies upon three grounds of defence: (1) Incompetency; (2) negligence and disobedience; (3) a persistent refusal to perform any duty.

The first is not proved. The second is disproved. The third is admitted, with allegations to justify or excuse it. The real contestation is upon this justification or excuse, and yet that issue is not presented by the pleadings. This is irregular. Where the libellant intends merely to deny the truth of the allegations in the answer, a replication is not necessary. But when the allegations of the answer are admitted, and intended to be avoided by new facts, the matter in avoidance should be put upon the record. This is usually done by a supplemental libel, though sometimes by replication. As both parties came prepared to try the question of justification or excuse, I have, at their request, as matter of indulgence, consented to proceed in the hearing, in the same manner as if that issue had been presented by the pleadings. It appears that the libellant shipped at Manilla, for a voyage to Boston, as mate. He went on board about the 4th of November, and performed his duty to the best of his ability, but not very efficiently, until the bark arrived at St. Helena, about the 4th of February. In departing from that port, the master was dissatisfied with the manner in which the vessel was got under way. On the day following, after some conversation, the mate was put off duty. Soon afterwards the captain requested him to return to duty; the mate replied that he would do so, upon the condition of better treatment; the master would submit to no conditions, declaring that if he performed well, he should be treated well, and that if he did not, he should be treated as he had been, or worse. The mate declining to go to duty, the master peremptorily ordered him to do so. The mate refused, saying that he had not signed the articles, and did not belong to the ship. The master replied, that he did not think his services of much value, and that he should thereafter consider him a passenger. It is here to be remarked, that both seem to have labored under a mistake, as to the legal obligations of the mate. He shipped at Manilla, for a voyage home. This is alleged in the libel, and admitted in the answer. It was not necessary that he should have signed the articles, in order to make this contract obligatory. The statute of 1790 [1 Stat. 131] does not extend this requirement to shipments of seamen in a foreign port; and although the statute of 1840 [5 Stat. 394] makes it the duty of the master to apply to the

consul, and cause the name of every seaman shipped abroad to be entered upon the articles, and his contract set forth, it does not require the signature of the seaman. Some difficulty had arisen between the master and the libellant, before arriving at St. Helena, but its nature and extent are left in great obscurity. No sufficient reason has been shown for disrating the mate. The cause assigned at the time, was incompetency and certain acts of impropriety and misconduct, which have not been set up in the answer, nor supported by the evidence. On the other hand, there were no sufficient grounds of justification for the refusal of the mate to return to his duty; and it does not appear that he ever offered to return. Has he forfeited his wages? There is no inflexible rule, requiring the court in all cases to withhold wages for a refusal of duty; but they may look into the circumstances, and exercise a sound judicial discretion, according to the merits of the case. Indeed, by the general maritime law, even a desertion, without a full justification, does not compel the court, under all circumstances, to deprive a seaman of all antecedent wages. In considering what forfeiture should be inflicted upon the libellant, it is to be added that the second mate was not qualified for his station, and the master was thus left to make a winter's passage, to a Northern port, without the aid of a first officer, and with an incompetent second officer, and was thereby subjected to much personal hardship. In behalf of the libellant it is to be observed, that after having rendered service to the best of his ability for three months, he had been wrongfully turned off duty by the master, that the master had imputed to him misconduct of which he was not guilty, and was unyielding in his requisitions, and would neither say nor do anything to soothe the feelings which he had wounded, and that the mate acted under a mistake as to his legal rights. I think justice will be done, without inflicting an entire forfeiture of wages, and that the libellant should recover one-third of his wages, for the time he rendered service. Decree for one month's wages, $30, and costs.

NOTE. Whether new matter (before Adm. Rule 52) should be pleaded by replication, or by supplemental libel, see Taber v. Jenny [Case No. 13,720]; Ben. Adm. § 482; Conkl. Adm. 239; but now by the rule, it is by amendment of the libel. That seamen shipping in a foreign port need not sign articles, see Curt. Merch. Seam. 39; Gardner v. The New Jersey [Case No. 5,233]; Abb. Shipp. 607, note. That the court is not compelled to pronounce a forfeiture of the entire wages, see The Moslem [Case No. 9,875]; Smith v. Treat [Id. 13,117]; Sprague v. Kain [Id. 13,250]; Drysdale v. The Ranger [Id. 4,097]; Macomber v. Thompson [Id. 8,919]; The Maria [Id. 9,074]; Thorne v. White [Id. 13,989]; The Mentor [Id. 9,427]; Scott v. Russell [Id. 12,546]. Contra, The Blake, 1 W. Rob. Adm. 87.